GEORGE SNYDER CRILLY, FRANK LLOYD CRILLY, AND EDGAR CRILLY, EXECUTORS, ESTATE OF DANIEL F. CRILLY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17210, 18747.   Promulgated October 4, 1928.

*E. Barrett Prettyman, Esq.*, for the petitioners.
*F. T. Horner, Esq., and A. H. Murray, Esq.*, for the respondent.

MORRIS: The above-entitled proceeding came on for hearing on December 1, 1927, upon the petitioners' motion to disallow the proposed deficiency in estate tax on the ground that the assessment and/or collection thereof is barred by the statute of limitations.

The facts of record show that the decedent died on June 19, 1921, and that thereafter, within the time prescribed by law, a return of his net taxable estate was prepared and filed; that two notices of deficiency were mailed to the petitioners herein, one on April 20, 1926, from which a petition was filed on June 11, 1926, and the other on May 28, 1926, from which a petition was filed July 21, 1926; that up until July 8, 1927, no assessment had been made in respect of the proposed deficiency and no proceeding in court without assessment for the collection thereof had been begun.

It is the contention of the petitioner that the only provision in the Revenue Act of 1926 in regard to the statute of limitations on estate taxes under the Revenue Act of 1918 is contained in section 1109 and as that section makes no provision for the suspension of the statute for any cause, such taxes must be assessed within four years after they become due, or a proceeding in court without assessment for the collection thereof must be begun within five years after they become due; and as no assessment or proceeding in court had been begun by July 8, 1928, the assessment and collection thereof are barred.

Under the provisions of section 404 of the Revenue Act of 1918 and article 77 of Regulations 37, promulgated thereunder, a return of the decedent's estate was required to be filed with the collector for the district in which the decedent resided, and section 406 of the same Act provides that the tax shall be due one year after the decedent's death.

Section 318 (a) of the Revenue Act of 1926 provides:

If after the enactment of this Act the Commissioner determines. that any assessment should be made in respect of any estate or gift tax imposed by the Revenue Act of 1917, the Revenue Act of 1918, the Revenue Act of 1921, or the Revenue Act of 1924, or by any such Act as amended the Commissioner is authorized to send by registered mail to the person liable for such tax notice of the amount proposed to be assessed, which notice shall, for the purposes of this Act, be considered a notice under subdivision (a) of section 308 of

this Act. In the case of any such determination the amount which should be assessed * * * shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations * * * as in the case of a deficiency in the tax imposed by this title, *except that in the case of an estate tax imposed by the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, the period of limitation prescribed in section 1109 of this Act shall be applied in lieu of the period prescribed in subdivision (a) of section 310.* (Italic supplied.)

## Section 1109 of the Revenue Act of 1926 provides:

(a) Except as provided in sections 277, 278, 310, and 311—

(1) Notwithstanding the provisions of section 3182 of the Revised Statutes or any other provision of law, all internal-revenue taxes shall (except as provided in paragraph (2) or (3) of this subdivision) be assessed within four years after such taxes became due, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes became due.

## Section 310 of that Act provides as follows:

(a) Except as provided in section 311, the amount of the estate taxes imposed by this title shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of three years after the return was filed.

(b) The running of the statute of limitations provided in this section or in section 311 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 308) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for sixty days thereafter.

## Section 308 (a) of the Revenue Act of 1926 provides:

If the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the executor by registered mail. Within sixty days after such notice is mailed (not counting Sunday as the sixtieth day), the executor may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 312 or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the executor, nor until the expiration of such sixty-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final * * *.

The petitioners' argument is based on the exception in section 318 (a) of the Revenue Act of 1926 wherein it is provided that the period of limitation prescribed in section 1109 of that Act shall be applied in lieu of the period prescribed in subdivision (a) of section 310 in the case of an estate tax imposed by the Revenue Act of 1918.

There is no question but that section 318 (a) of the Revenue Act of 1926 applies to the instant proceeding, as the Commissioner determined after the enactment of that Act that an assessment should be made in respect of estate tax imposed by the Revenue Act of 1918. That section provides that the amount that should be assessed shall be assessed, collected and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency imposed by Title III of the 1926 Act. Section 310 (a) provides a limitation period for assessment of three years after the return was filed and a similar period for the beginning of a proceeding in court without assessment for the collection of such taxes. The exception in section 318 (a) upon which the petitioners rely, provides that in lieu of the above limitation period that prescribed in section 1109 shall be applied. It should be noted that in the exception it is specifically provided that the period of limitation prescribed in section 1109 is in lieu only of subdivision (a) of section 310. The only effect, therefore, of the exception is to substitute for the three-year limitation period of section 310 (a) a period for assessment of four years and for bringing a proceeding in court without assessment of five years from the due date of the taxes, on estate taxes imposed by the Revenue Acts of 1917, 1918, or 1921. Under the provisions of section 318 (a) the balance of the provisions and limitations of the 1926 Act with respect to assessment, collection and payment of said taxes are applicable.

Section 310 (b) provides for the suspension of the running of the statute of limitations after the mailing of a notice under subdivision (a) of section 308 for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court and for 60 days thereafter. Under section 318 (a), the notice mailed to the petitioners was a notice under subdivision (a) of section 308 of the 1926 Act. That prohibitory period, with exceptions not material as therein set forth, is until a deficiency notice has been mailed to the executor, or until the expiration of the 60 days within which the executor may file a petition with the Board, or if a petition has been filed, until a decision of the Board has become final.

The tax in the instant proceeding having become due under section 406 of the Revenue Act of 1918 on June 19, 1922, and the notice of deficiency, regardless of the one considered as the statutory notice, having been mailed within four years from that date and petitions having been filed within 60 days, the statutory period within which assessment may be made or a proceeding in court without assessment may be begun, has not expired.

Section 318 (a) of the Revenue Act of 1926 confers jurisdiction upon the Board of a proceeding such as the instant one. Section 308

(a) prohibits the Commissioner from assessing or collecting the tax until the decision of the Board has become final, except through a jeopardy assessment or other exceptions not material here. It would be an anomalous situation if the statute of limitations were not suspended while the proceeding was pending before the Board. We can not believe that Congress intended to encourage or compel the making of jeopardy assessments with their attendant hardships, against the taxpayers of the country.

The petitioners' motion to disallow the proposed deficiency on the ground that the assessment and/or collection thereof is barred by the statute of limitations is disallowed for the foregoing reasons, and the proceeding is restored to the general calendar for hearing in due course.